**Johan LARA–RIVAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75947.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed March 14, 2008.

Lamar Peckham, Santa Rosa, CA, for Petitioner.

John C. Cunningham, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, NOONAN, and FISHER, Circuit Judges.

MEMORANDUM *

Petitioner, Johan Lara–Rivas, seeks review of the Board of Immigration Appeals' (BIA) summary affirmance of the Immigration Judge's (IJ) decision finding him

---

* This disposition is not appropriate for publication and is not precedent except as provided

removable and pretermitting his application for adjustment of status on the basis that he made a false claim to U.S. citizenship in order to obtain a California driver's license. *See* 8 U.S.C. § 1182(a)(6)(C)(ii). Lara–Rivas raises two due process challenges to the IJ's finding of removability. First, he argues that the facts alleged in the Notice to Appear (NTA), as amended by the Form I–261, were insufficient to support the false claim to U.S. citizenship charge that was added by the amendment and did not provide the requisite notice of the content of that charge. Second, he argues that, even if the Form I–261 was sufficient, the IJ erred by relying on evidence outside of the record of conviction to sustain that charge.

We conclude that any error was harmless. *See Kohli v. Gonzales,* 473 F.3d 1061, 1066–67 (9th Cir.2007). Lara–Rivas conceded his removability under the original charge, i.e. being an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He sought relief from removal, however, in the form of adjustment of status. An alien bears the burden of proving his eligibility for adjustment of status. *See* 8 U.S.C. § 1229a(c)(2)(A); 8 C.F.R. § 1240.8(d). The evidence of Lara–Rivas's use of a false U.S. passport to obtain a California driver's license was properly admitted in support of the government's motion to pretermit his adjustment application. *See, e.g., Salviejo–Fernandez v. Gonzales,* 455 F.3d 1063, 1066 (9th Cir.2006). That evidence and, in particular, Lara–Rivas's own testimony, established his inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(ii) (rendering inadmissible an alien who makes a false claim to U.S. citizenship in order to obtain a benefit under federal or state law), a non-waivable bar to eligibility for adjust-

by 9th Cir. R. 36–3.

ment of status. Lara–Rivas failed to rebut this contention both in his brief and at oral argument.

**DENIED.**

---

* Michael B. Mukasey is substituted as the current Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.